IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNETTA STINNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-01105-JD |
| | ) |
| BISMARK ANTONIO GARCIA | ) |
| doing business as B Garcia Truckin; | ) |
| and JUAN INFANTE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' fully briefed Partial Motion to Dismiss ("Motion"). [Doc. No. 7]. The Motion seeks dismissal of Plaintiff's claims for negligent entrustment and negligent hiring/retention/training/supervision and request for punitive damages in her complaint [Doc. No. 1-2] under Federal Rule of Civil Procedure 12(b)(6) for various reasons including failure to satisfy federal pleading standards (as interpreted by *Iqbal/Twombly*).[1]

The Court has inherent authority to manage its cases "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also* Fed. R. Civ. P. 1. Even if the Court granted Defendants' Motion, some or all of the claims would be dismissed *without* prejudice, and Plaintiff would likely be permitted an opportunity to amend and "frame a 'complaint with enough factual matter

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

(taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). *See also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[T]he *Twombly/Iqbal* standard 'is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" (quoting *Robbins*, 519 F.3d at 1247)). The purpose of this Order is to resolve all disputes raised in the Motion without Court involvement, or if that is not possible, to streamline the issues so that any remaining disputes are as narrow as possible. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 81(c).

In these circumstances, and considering this is a removed action, the best use of the Court's and the parties' resources is to require counsel for parties to confer in good faith regarding the alleged deficiencies in the complaint to resolve all or as many disputes as possible without involving the Court. *See also Judge Dishman's Chamber Procedures for Civil Cases*. Accordingly, and without expressing any views on the merits of the claims or the Motion:

- Counsel for the parties are ORDERED to confer in good faith regarding the claims in this lawsuit and all arguments asserted in the Motion and associated briefs, within **seven (7) days** of this Order.
    - Plaintiff's counsel should reasonably, and considering obligations of Rule 11, determine if the complaint can be amended to eliminate the alleged

  deficiencies asserted in the Motion, including, for example, dismissing certain claims and repleading others.

- Within **ten (10) days** of this Order, Plaintiff's counsel shall circulate a proposed amended complaint to Defendants' counsel.
    - Defendants' counsel should reasonably, and considering obligations of Rule 11, determine whether a motion to dismiss is still necessary after reviewing the proposed amended complaint, and should propose further reasonable revisions in an effort to avoid unnecessary motion practice.
- Within **fourteen (14) days** of this Order, counsel for the parties shall confer again regarding the proposed amended complaint in an attempt to resolve any remaining disputes without Court involvement.
- Within **twenty (20) days** of this Order, Plaintiff may file an amended complaint with Defendants' consent, or if Defendants' consent cannot be obtained, Plaintiff may seek leave of Court to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2).
- Within **twenty (20) days** of this Order, the parties shall file a joint status report in response to this Order updating the Court on the status of the issues addressed in this Order, including the date of the conferences, length of the conferences, participants of the conferences, identification of all issues that were resolved at the conferences, and identification of the issues that remain, if any. The Court expects the parties to work professionally and cooperatively to resolve all or virtually all of the issues described in the Motion.

- Defendants shall respond to any amended complaint within **fourteen (14) days** of service of the amended complaint. Fed. R. Civ. P. 15(a)(3).

Failure by either party to comply with this Order in good faith may result in sanctions. *See* Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation.").

IT IS SO ORDERED this 14th day of December 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE